UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NOEL DEAN (#309747)**     **CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE, ET AL.**     **NO. 09-0697-JJB-DLD**

## O R D E R

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Lt.Col Clyde Spain and Lt. Eugene Ferguson, complaining that his constitutional rights were violated on May 8, 2009, when he was subjected to a sexual assault by defendant Ferguson. Pursuant to earlier motion in this case, rec.doc.no. 2, the plaintiff sought leave to proceed in forma pauperis without prepayment of fees and costs. This motion was granted by the Court on August 27, 2009, and the plaintiff was allowed to so proceed. See rec.doc.no. 4.

The rules applicable to the granting by courts of in forma pauperis status to inmates in cases challenging the conditions of their confinement make clear that the plaintiff is no longer entitled to proceed as a pauper in this case. These rules, set forth in 28 U.S.C. § 1915, provide, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals

CIB

examined the effect of the amended statute and concluded that any civil action or appeal dismissed as frivolous, malicious or for failure to state a claim, even if filed or entered prior to the effective date of the statute, shall be considered as within the ambit of the "three strikes" provision of § 1915(g). In addition, this Court shall revoke the prior grant of pauper status to inmates who subsequently "strike out" and shall require that these inmates pay the Court's filing fee or face dismissal of their pending actions.

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim.[1] Accordingly, the Court concludes that the plaintiff is now barred from proceeding in forma pauperis in this case and that he is required to pay the full amount of the Court's filing fee.[2] Therefore;

**IT IS ORDERED** that the Order of this Court dated August 27, 2009, rec.doc.no. 4, pursuant to which the plaintiff was granted in forma pauperis status in the above-captioned proceeding, be and it is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed in forma pauperis herein, rec.doc.no. 2, be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $350.00, the full amount of the Court's filing fee. Failure to pay

---

[1] Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, Noel Dean v. Louisiana Department of Public Safety and Corrections, et al., Civil Action No. 08-0156-RET-CN (M.D. La.), Noel Dean v. Howard Prince, et al., Civil Action No. 09-0156-JVP-SCR (M.D. La.), and Noel Dean v. N. Burl Cain, et al., Civil Action No. 10-0671-BAJ-CN (M.D. La.) (counting as two strikes because dismissed as frivolous in both the district and appellate courts).

[2] The allegations of the plaintiff's Complaint do not fall within the exception to the statute.

the filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on July 22, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**